IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| SHERRY HUDSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 5:19-cv-00152-JJV |
| ANDREW SAUL, | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Sherry Hudson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for supplemental security income.  The Administrative Law Judge (ALJ) concluded Ms. Hudson had not been under a disability within the meaning of the Social Security Act, because she could perform the job of fishing reel assembler despite her impairments.  (Tr. 15-25.)

This review is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to a legal error.  *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in the case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Ms. Hudson is almost fifty years old.  (Tr. 117.)  She testified she is a high school graduate and attended some college.  (*Id.*)  She has past work as a sales attendant.  (Tr. 23.)

The ALJ[1] first found Ms. Hudson has not engaged in any substantial gainful activity since April 17, 2017 - the alleged onset date.  (Tr. 17.)  She has severe impairments, but the ALJ found that these impairments did not meet or equal one of the listed impairments in 20 C.F.R. Part 4, Subpart P, Appendix 1.[2]  (Tr. 17-19.)

The ALJ determined Ms. Hudson had the residual functional capacity ("RFC") to perform a reduced range of sedentary work.  (Tr. 20.)  Given her residual functional capacity, the ALJ determined Plaintiff was no longer able to perform her past relevant work.  (Tr. 23.)  So, the ALJ utilized the services of a vocational expert to determine if other jobs existed that Plaintiff could perform despite her impairments.  (Tr. 140-146.)  Based on the vocational expert's testimony, the ALJ determined Ms. Hudson was capable of performing the job of fishing reel assembler.  (Tr. 24.)  Accordingly, the ALJ determined Ms. Hudson is not disabled.  (*Id.*)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

The Appeals Council received additional information but denied Plaintiff's request for a review of the ALJ's decision. (Tr. 1-4.) Therefore, the ALJ's decision is the final decision of the Commissioner. Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff says the ALJ failed to fully develop the record. (Doc. No. 13 at 14-18.) She specifically says:

> Despite Hudson's diagnosis of borderline intellectual functioning, her placement in special education classes in school, and her cognitive difficulties at work, the ALJ found that "[t]he claimant has alleged that her impairments have impaired her understanding, but there is little evidence of record to substantiate this claim." (Tr. 18). That is precisely why, at the beginning of the administrative hearing, Hudson's attorney asked the ALJ to send Hudson for a consultative intellectual evaluation. The ALJ responded, "All right," (Tr. 116), but never did send Hudson for the evaluation.

(*Id.* at 15.)

Plaintiff bears a heavy burden in showing the record has been inadequately developed. She must show both a failure to develop necessary evidence and unfairness or prejudice from that failure. *Combs v. Astrue*, 243 Fed.Appx. 200, 204 (8th Cir. 2007). I find no error here.

I agree with the Commissioner that it is significant that Plaintiff did not allege disability due to intellectual functioning when applying for disability benefits. (Tr. 309.) Plaintiff's counsel did ask for a consultative examination at the start of the administrative hearing, (Tr. 116), but Plaintiff is reminded she had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). I also note Ms. Hudson completed high school and attended some college. The ALJ is permitted to issue a decision without obtaining additional evidence as long as the record is sufficient to make an informed decision. *E.g., Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Accordingly, the ALJ fully and fairly developed the record here.

Plaintiff also argues that the ALJ erred by discounting the opinions of her treating doctor, Iden Cowan, M.D. (Doc. No. 13 at 19-23.) Dr. Cowan provided a Medical Source Statement – Physical whereby she reported Plaintiff is likely disabled. (Tr. 594-596.)

Plaintiff is correct that her treating doctor should generally be given deference. But after a close review of the records, I find the ALJ properly assessed the opinions of Dr. Cowan.

The ALJ stated:

> Dr. Cowan assessed the claimant as capable of less than the full range of sedentary work. Dr. Cowan opined that the clamant could lift less than ten pounds and sit and stand for less than two hours during a normal workday, for only 30 minutes at a time. Dr. Cowan also indicated that the claimant would need frequent extended breaks, would need to elevate her feet, and would require a sit/stand option. Dr. Cowan indicated the claimant could do no reaching and would only occasionally be able to perform fingering and handling. . . [She] opined that the claimant would miss work about two days per month because of the claimant's physical impairments. This assessment is not supported by the evidence of record. The claimant has indicated her pain is improved and manageable with injections and medication. [Tr. 588-589.] The claimant has recorded normal examinations of her back with full strength in her extremities [Tr. 604.] Dr. Cowan also assessed limitations that have no apparent relation to any of the claimant's impairments, such as restriction from all exposure to [sun] light and perfumes. This opinion is given little weight.

(Tr. 22.)

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

4

The Commissioner persuasively notes, ". . . from July through December 2017, physical examinations indicated that Plaintiff had full muscle strength in all extremities (Tr. 602, 604, 606). In January 2018, Dr. Cowan noted that Plaintiff had normal gait; full muscle strength; and the ability to walk heel to toe (Tr. 610)." (Doc. No. 16 at 9-10.) And given my close review of Dr. Cowan's own treatment notes, I find the ALJ could rightly discount her medical source statement. The ALJ is correct that the treatment notes fail to support a conclusion that Plaintiff is capable of performing less than sedentary work. Accordingly, the ALJ had fair reasons to discount Dr. Cowan's conclusions and could properly discount her Medical Source Statement.

With regard to the ALJ's hypothetical question posed to the vocational expert, I also find no error. (Doc. No. 13 at 17-19.) And Plaintiff's argument that the ALJ failed to resolve a conflict between her residual functional capacity determination and the job of fishing reel assembler is without merit. (*Id.* at 24-28.) The ALJ squarely inquired about the issue of reaching and the vocational expert fully addressed the conflict. (Tr. 143-144.) The vocational expert testified he personally observed the jobs in question. Accordingly, on these two points, I find the ALJ's decision is supported by substantial evidence.

Counsel for both sides have done admirable work on behalf of their respective clients. It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole

that a "reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex. Rel. Reutter v. Barnhart*, 372 F.3d 946 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 7th day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE